■ EILEEN McCANN, Appellant, v CHARLES J. McCANN, Respondent.— Orders, Supreme Court, New York County, (a) entered May 29, 1979, (i) ordering plaintiff to return to defendant custody of the children of their marriage, (ii) denying plaintiff's motion to hold defendant in contempt and to condition visitation on the posting of a bond, and to enjoin certain proceedings in California regarding custody, (iii) holding in abeyance all other relief sought in plaintiff's motion pending compliance with the order of May 29, 1979, and (b) entered October 3, 1979, denying plaintiff's motion for leave to renew, are unanimously modified, on the law and the facts, and in the exercise of discretion, to the extent of striking all but the fourth decretal paragraph in the order of May 29, 1979, and all without prejudice to new motions that may be made by either party on proper notice to the other with adequate opportunity to both sides to be heard and to present their factual and legal contentions, without costs to either party. This case presents delicate problems of the custody and welfare of children, and the relative jurisdiction and roles of the courts of this State and California under the Uniform Child Custody Jurisdiction Act (Domestic Relations Law, art 5-A, §§ 75-a–75-z; see, also, *Vanneck v Vanneck,* 68 AD2d 591). Because of procedural difficulties, we do not think the parties have had a fair opportunity to present their contentions, and make a factual record on which the court can decide the questions involved. To begin with, Special Term refused to permit plaintiff wife to submit reply papers because the wife had failed to give the notice required by CPLR 2214 (subd [b]). We may accept this as being within the court's discretion. But the court did say on the oral argument, "a custody issue cannot be raised in opposing papers. Affirmative relief is not considered by me when simply inserted in opposing papers." Thereafter, on examination of defendant's papers, it appeared that, although there was no cross notice of motion, there was a brief denominated, among other things, "IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR CUSTODY"; and defendant's affidavit did ask for affirmative relief, including

custody of the children. This being called to the court's attention, the court stated as to the papers denominated "a cross motion to the extent that they seek affirmative relief, it will be denied with leave to make an independent motion, and the papers will be considered only as opposing papers." And the court refused to permit plaintiff to put in any papers in opposition to the purported cross motion, although the defendant's papers had not been served in advance of the argument but were delivered to plaintiff's attorney in the course of the argument in open court. Nevertheless, in the decision on the motion, the court did grant affirmative relief to defendant. Thus, in effect, a cross motion was granted against plaintiff without an opportunity to plaintiff to respond. We think the parties have not been given the opportunity, to which they are entitled, to present their relevant factual and legal contentions, and it is not safe or proper for the courts to decide the questions involved before such an opportunity has been given. Concur—Sullivan, J. P., Ross, Markewich, Silverman and Yesawich, JJ.